**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.   7:20-CV-144 |
| | § | |
| 0.307 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO | § | |
| COUNTY, STATE OF TEXAS; AND | § | |
| BRIAN MCGEE SHIVERS, ET AL., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**COMPLAINT IN CONDEMNATION**

1.      This is a civil action brought by the United States of America at the request of the

Secretary of the Department of Homeland Security, through the Acquisition Program Manager,

Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate,

U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for

the taking of property under the power of eminent domain through a Declaration of Taking, and

for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1358.

3.      The interest in property taken herein is under and in accordance with the authority

set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in

Schedule "B."

5.     The legal description and map or plat of land in which certain interests are being acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.     The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.     The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.     The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.     Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:     *s/ N. Joseph Unruh*
**N. JOSEPH UNRUH**
Assistant United States Attorney
Southern District of Texas No. 1571957
Texas Bar No. 24075198
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Neil.Unruh@usdoj.gov

# SCHEDULE A

## **SCHEDULE A**

## AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note and the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

## **SCHEDULE B**

<u>PUBLIC PURPOSE</u>

The public purpose for which said property is taken is to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## SCHEDULE C

LEGAL DESCRIPTION

Hidalgo County, Texas

Tract:  RGV-MCS-2224
Owner:  Brian McGee Shivers et al.
Acres:  0.157

**BEING** a 0.157 acre tract (6,841 square feet) parcel of land, more or less, being out of a part of Lots 6 and 7 of the unrecorded Riverside Subdivision A, recorded in Document No. 1924-1770087, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to John H. Shary, said 0.157 acre (6,841 square feet) parcel of land being more particularly described as follows;

**BEGINNING** at a found 5/8" rebar, designated "RGV-MCS-2209-2=RGV-MCS-2209-1-3=RGV-MCS-2224-1" having a coordinate value of N = 16583695.029, E = 1039758.713, for the southwest corner of the herein described proposed acquisition tract, said point being the southwest corner of said John H. Shary tract and the southeast corner of a part of said Lot 6, recorded in Document No. 2015-2660671, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to Klub Nautique, LLC, the northwest corner of a levee easement (736-H), recorded in Document No. 1942-19357, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the United States of America and the southwest corner of a levee easement (737-H), recorded in Document No. 1945-6187, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the United States of America, said point also being on the north line of a part of Lots 4 and 5 of the unrecorded Riverside Subdivision A, recorded in Document No. 2014-2569340, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to Klub Nautique, LLC, said point also being N 25°52'24" W, a distance of 6630.74 feet from United States Corps of Engineers Control Point No. H122;

**THENCE**: N 14°35'23" W, along the west line of said John H. Shary tract, the east line of said Klub Nautique, LLC Lot 6 tract and the west line of said levee easement (737-H) tract, a distance of 126.54 feet to a found 6" iron pipe filled with concrete designated "RGV-MCS-2203-6=RGV-MCS-2209-1= RGV-MCS-2224-2", said point being on the north line of said Klub Nautique, LLC Lot 6 tract and the south line of a part of Lot 7 of said unrecorded Riverside Subdivision A, recorded in Document No. 2985143, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to Series 2-River Property, a Series of Beneficium Series, LLC;

**SCHEDULE C (continued)**

LEGAL DESCRIPTION

Hidalgo County, Texas

Tract:  RGV-MCS-2224
Owner:  Brian McGee Shivers et al.


**THENCE**: N 14°14'27" W, along the west line of said John H. Shary tract, the east line of said Series 2-River Property tract and the west line of said levee easement (737-H) tract, a distance of 124.12 feet to a found 1/2" rebar with cap, designated "RGV-MCS-2203-5= RGV-MCS-2224-3" for the northwest corner of the herein described proposed acquisition tract, said point being the northwest corner of said John H. Shary tract, the northeast corner of said Series 2-River Property tract, the northwest corner of said levee easement (737-H) and the southwest corner of a levee easement (738-H), recorded in Volume 609, Page 479, Deed Records of Hidalgo County (D.R.H.C.), Texas, conveyed to the United States of America, said point also being on the south line of Lot 8 of said unrecorded Riverside Subdivision A;

**THENCE**: N 71°42'28" E, along the north line of said levee easement (737-H), the south line of said levee easement (738-H), the north line of said John H. Shary tract and the south line of said Lot 8, a distance of 27.17 feet to a found 1/2" rebar with cap, designated "RGV-MCS-2202-7=RGV-MCS-2203-4=RGV-MCS-2224-4" for the northeast corner of the herein described proposed acquisition tract, said point being the northeast corner of said John H. Shary tract, the southeast corner of said Lot 8, the northeast corner of said levee easement (737-H) and the southeast corner of said levee easement (738-H), said point also being on the west line of a tract of land recorded in Volume 752, Page 342, Deed Records of Hidalgo County (D.R.H.C.), Texas, conveyed to Hidalgo County Water Control and Improvement District No. 19 and on the west line of a levee easement (734-H), recorded in Document No. 1944-45877, conveyed to the United States of America;

**THENCE**: S 14°25'16" E, along the east line of said John H. Shary tract, the west line of said Hidalgo County Water Control and Improvement District No. 19 tract, the east line of said levee easement (737-H) tract and the west line of said levee easement (734-H) tract, a distance of 250.44 feet to the southeast corner of the herein described proposed acquisition tract, designated "RGV-MCS-2202-6= RGV-MCS-2209-1-4=RGV-MCS-2224-5", said point being the southeast corner of said John H. Shary tract, the northeast corner of said Klub Nautique, LLC Lots 4 and 5 tract, the southeast corner of said levee easement (737-H) tract and the northeast corner of said levee easement (736-H) tract;

**THENCE**: S 71°14'59" W, along the south line of said John H. Shary tract, the north line of said Klub Nautique, LLC Lots 4 and 5 tract, the south line of said levee easement

**SCHEDULE C (continued)**

LEGAL DESCRIPTION

Hidalgo County, Texas

(737-H) tract and the north line of said levee easement (736-H) tract, a distance of 27.20 feet to the POINT OF BEGINNING and containing 0.157 acres (6,841 square feet) of land, more or less

Tract:  RGV-MCS-2224-1
Owner:  Brian McGee Shivers et al.
Acres:  0.150

**BEING** a 0.150 acre tract (6,554 square feet) parcel of land, more or less, being out of a part of Lot 1 of the unrecorded Riverside Subdivision A, recorded in Document No. 1921-1320498, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to John H. Shary, said 0.150 acre (6,554 square feet) parcel of land being more particularly described as follows;

**BEGINNING** at a found 3" iron pipe designated "RGV-MCS-2211-1=RGV-MCS-2213-7=RGV-MCS-2224-1-1" having a coordinate value of N = 16582918.583, E = 1039938.127, for the southwest corner of the herein described proposed acquisition tract, said point being the southwest corner of said John H. Shary tract and the northwest corner of a called 2.64 acre tract, recorded in 2011-2224163, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the City of Mission and the northwest corner of a levee easement (733-H), recorded in Document No. 1942-18238, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the United States of America, said point also being the northeast corner of a called 4.781 tract of land, recorded in Document No. 1999-814019, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the Catholic Diocese of Brownsville, said point also being the southeast corner of a tract of land being part of Lot 1 of the unrecorded Riverside Subdivision A, recorded in Document No. 2013-2431931, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the Editora Hora Cero S.A. De C.V., said point being the southwest corner of a levee easement (735-H), recorded in Document No. 1945-6186, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the United States of America, said point also being N 27°36'32" W, a distance of 5856.52 feet from United States Corps of Engineers Control Point No. H122;

**THENCE**: N 02°19'36" E, departing the north line of said Catholic Diocese of Brownsville tract, the north line of said City of Mission, Texas tract and the north line of said levee easement (733-H), and along the east line of said Editora Hora Cero S.A. De C.V. tract, the west line of said John H. Shary tract and the west line of said levee easement (735-H), a distance of 70.40 feet to an angle point designated "RGV-MCS-2211-4=RGV-MCS-2224-1-2";

**SCHEDULE C (continued)**

LEGAL DESCRIPTION

Hidalgo County, Texas

**THENCE**: N 14°28'15" W, along the west line of said levee easement (735-H), the east line of said Editora Hora Cero S.A. De C.V. tract and the west line of said John H. Shary tract, a distance of 229.25 feet to a found 5/8" rebar designated "RGV-MCS-2207-1-5=RGV-MCS-2211-3=RGV-MCS-2224-1-3" for the northwest corner of the herein described proposed acquisition tract, said point being the northwest corner of said John H. Shary tract and the northeast corner of said Editora Hora Cero S.A. De C.V. tract, said point being on the south line of Lot 2 of the unrecorded Riverside Subdivision A, recorded in Document No. 820043, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to Johnny and Jennifer Hart, said point also being the northwest corner of said levee easement (735-H) and the southwest corner of a levee easement (736-H), recorded in Document No. 1942-19357, Official Records of Hidalgo County (O.R.H.C.), Texas, conveyed to the United States of America;

**THENCE**: N 71°11'27" E, along the north line of said levee easement (735-H), the south line of said levee easement (736-H), the north line of said John H. Shary tract and the south line of said Johnny and Jennifer Hart tract, a distance of 23.85 feet to the northeast corner of the herein described proposed acquisition tract, designated "RGV-MCS-2202-3=RGV-MCS-2207-1-4=RGV-MCS-2224-1-4", said point being the northeast corner of said John H. Shary tract, the southeast corner of said Johnny and Jennifer Hart tract, the northeast corner of said levee easement (735-H) and the southeast corner of said levee easement (736-H), said point also being on the west line of a tract of land recorded in Volume 752, Page 342, Deed Records of Hidalgo County (D.R.H.C.), Texas, conveyed to Hidalgo County Water Control and Improvement District No. 19 and on the west line of a levee easement (734-H), recorded in Document No. 1944-45877, conveyed to the United States of America;

**THENCE**: S 13°32'31" E, along the east line of said John H. Shary tract, the west line of said Hidalgo County Water Control and Improvement District No. 19 tract, the east line of said levee easement (735-H) and the west line of said levee easement (734-H), a distance of 236.32 feet to an angle point designated "RGV-MCS-2202-2=RGV-MCS-2224-1-5";

**THENCE**: S 02°38'31" E, along the east line of said John H. Shary tract, the west line of said Hidalgo County Water Control and Improvement District No. 19 tract, the east line

**SCHEDULE C (continued)**

LEGAL DESCRIPTION

Hidalgo County, Texas

of said levee easement (735-H) and the west line of said levee easement (734-H), a distance of 55.13 feet to the southeast corner of the herein described proposed acquisition tract, designated "RGV-MCS-2202-1=RGV-MCS-2224-1-6", said point being the southeast corner of said John H. Shary tract, the northeast corner of said City of Mission, Texas tract, the southeast corner of said levee easement (735-H) and the northeast corner of said levee easement (733-H);

**THENCE**: S 59°44'13" W, along the south line of said John H. Shary tract, the north line of said City of Mission, Texas tract, the south line of said levee easement (735-H) and the north line of said levee easement (733-H), a distance of 30.13 feet to the POINT OF BEGINNING and containing 0.150 acres (6,554 square feet) of land, more or less.

# SCHEDULE D

# SCHEDULE D

## MAP or PLAT

## LAND TO BE CONDEMNED



Tract:  RGV-MCS-2224
Owner:  Brian McGee Shivers et al.
Acres:  0.157

## SCHEDULE D (continued)

### MAP or PLAT

### LAND TO BE CONDEMNED



Tract:  RGV-MCS-2224
Owner:  Brian McGee Shivers et al.
Acres:  0.157

**SCHEDULE D (continued)**

MAP or PLAT

LAND TO BE CONDEMNED



Tract:  RGV-MCS-2224
Owner:  Brian McGee Shivers et al.
Acres:  0.157

**SCHEDULE D (continued)**

MAP or PLAT

LAND TO BE CONDEMNED



Tract:  RGV-MCS-2224-1
Owner:  Brian McGee Shivers et al.
Acres:  0.150

**SCHEDULE D (continued)**

MAP or PLAT

LAND TO BE CONDEMNED



Tract:  RGV-MCS-2224-1
Owner:  Brian McGee Shivers et al.
Acres:  0.150

**SCHEDULE D (continued)**

MAP or PLAT

LAND TO BE CONDEMNED



Tract:  RGV-MCS-2224-1
Owner:  Brian McGee Shivers et al.
Acres:  0.150

# SCHEDULE E

**SCHEDULE E**

ESTATE TAKEN

Hidalgo County, Texas

Tract: RGV-MCS-2224
Owner: Brian McGee Shivers, et al.,
Acres: 0.157

The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

Tract: RGV-MCS-2224-1
Owner: Brian McGee Shivers, et al.,
Acres: 0.150

The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

# SCHEDULE F

## **SCHEDULE F**

## ESTIMATE OF JUST COMPENSATION

The sum estimated for just compensation for the land being taken is TWELVE

THOUSAND DOLLARS AND NO/100 ($12,000.00), to be deposited herewith in the Registry

of the Court for the use and benefit of the persons entitled thereto.

# SCHEDULE G

**SCHEDULE G**

**INTERESTED PARTIES**

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. See Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| 1.  Brian McGee Shivers<br><br>Dallas, TX 75205 | Warranty Deed, Document # 1921-1320498, recorded November 23, 1921, Deed Records of Hidalgo County |
| 2.  Estate of Robert Allan Shivers, Jr. Brian McGee Shivers, Executor<br><br>Dallas, TX 75205 | Warranty Deed, Document # 1924-1770087, recorded September 11, 1924, Deed Records of Hidalgo County |
| 3.  Marialice S. Ferguson<br><br>Austin, TX 78703 | Easement Deed, Document # 1945-3534, recorded February 16, 1945, Deed Records of Hidalgo County |
| 4.  Estate of John Shary Shivers, Sr. Miller Shivers Vance, Co-Executor<br><br>Chicago, IL 60614<br><br>and | Easement Deed, Document # 1945-3496, Recorded February 16, 1945, Deed Records of Hidalgo County<br><br>Easement Deed, Document # 1945-6186, Recorded April 3, 1945, Deed Records of Hidalgo County |
| 5.  Dillon Ferguson, Co-Executor<br><br>Austin, TX 78701 | Easement Deed, Document # 1945-6187, Recorded April 3, 1945, Deed Records of Hidalgo County<br><br>Probate Records of John H. Shary. Cause No. 2773, *Estate of John H. Shary*, in the County Court of Hidalgo County, Texas<br><br>Special Warranty Deed, Document # 1951-8623, Recorded May 26, 1951, Deed Records of Hidalgo County<br><br>Probate Records of Mary O'Brien Shary. Cause No. 5730, *Estate of Mary O'Brien* |

|  | *Shary*, in the County Court at Law of Hidalgo County, Texas

Probate Records of John Shary Shivers, Sr., Cause No. 2011-PR01858-1, in the Probate Court No. 1 of Tarrant County, Texas

Probate Records of Robert Allan Shivers, Jr., Cause No. C-1-PB-19-000153, in the Probate Court of Travis County, Texas |
|--|--|

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1   U.S. Government
Plaintiff

❒ 3   Federal Question
*(U.S. Government Not a Party)*

❒ 2   U.S. Government
Defendant

❒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - | of Property 21 USC 881 | ❒ 423 Withdrawal | ❒ 376 Qui Tam (31 USC |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Product Liability | ❒ 690 Other | 28 USC 157 | 3729(a)) |
| ❒ 140 Negotiable Instrument | Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted | Liability | ❒ 368 Asbestos Personal | | ❒ 835 Patent - Abbreviated | ❒ 460 Deportation |
| Student Loans | ❒ 340 Marine | Injury Product | | New Drug Application | ❒ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❒ 345 Marine Product | Liability | | ❒ 840 Trademark | Corrupt Organizations |
| ❒ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | ❒ 371 Truth in Lending | Act | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ |
| ❒ 190 Other Contract | Product Liability | ❒ 380 Other Personal | ❒ 720 Labor/Management | ❒ 863 DIWC/DIWW (405(g)) | Exchange |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Property Damage | Relations | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | ❒ 385 Property Damage | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| | ❒ 362 Personal Injury - | Product Liability | ❒ 751 Family and Medical | | ❒ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❒ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement | ❒ 870 Taxes (U.S. Plaintiff | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | Income Security Act | or Defendant) | ❒ 899 Administrative Procedure |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate | | ❒ 871 IRS—Third Party | Act/Review or Appeal of |
| ❒ 240 Torts to Land | ❒ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❒ 245 Tort Product Liability | Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 446 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration | | |
| | Other | ❒ 550 Civil Rights | Actions | | |
| | ❒ 448 Education | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❒ 1   Original
Proceeding

❒ 2   Removed from
State Court

❒ 3   Remanded from
Appellate Court

❒ 4   Reinstated or
Reopened

❒ 5   Transferred from
Another District
*(specify)*

❒ 6   Multidistrict
Litigation -
Transfer

❒ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN
COMPLAINT:

❒   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:        ❒ Yes     ❒ No

## VIII.  RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____